IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

**FILED**

SEP 07 2022

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) Plaintiff, ) | |
| ) | No. **CR 22-387** |
| -vs- ) | |
| ) | Violation: 18 U.S.C. § 1014 |
| BRIAN LEE FOSTER, ) | **SLP** |
| ) Defendant. ) | |

## INDICTMENT

The Federal Grand Jury charges:

At all times relevant to this Indictment:

1. Defendant **BRIAN LEE FOSTER** ("**FOSTER**") was a resident of Norman, Oklahoma.

2. On or about October 6, 2014, **FOSTER** was charged by criminal information in the District Court of Oklahoma County with driving while under the influence (DUI), a felony, in violation of Title 47, Oklahoma Statutes, Section 11-902(A)(2). On or about February 20, 2020, **FOSTER** personally appeared in Oklahoma County District Court in connection with the DUI case. The case remained pending through at least July 2020.

3. **FOSTER** owned a personal checking account at Bank of America (account number ********0552).

4. Stride Bank, N.A. ("Stride Bank") was a financial institution that maintained accounts insured by the Federal Deposit Insurance Corporation (FDIC). Stride Bank was a Small Business Administration (SBA) participating lender.

## The Paycheck Protection Program

5. In March 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted to provide emergency financial assistance to Americans suffering economic harm because of the COVID-19 pandemic. The CARES Act authorized the SBA to create the Paycheck Protection Program (PPP), which permitted the SBA to use up to $349 billion in United States taxpayer funds to provide guaranteed loans to small businesses for job retention and certain other expenses. PPP loans were 100% guaranteed by the SBA, and the full principal amount of the loans qualified for loan forgiveness if the terms of the program were satisfied. In order to provide relief to America's small businesses expeditiously, the CARES Act streamlined the loan process and allowed SBA participating lenders to rely on certifications of the borrower in order to determine eligibility. The Act also allowed lenders to rely on specified documents provided by the borrower to determine the qualifying loan amount and eligibility for loan forgiveness.

6. On about April 15, 2020, SBA implemented a rule that made an individual applicant ineligible for a PPP loan if the applicant was incarcerated, on probation, on parole, or was presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or had been convicted of a felony within the last five years.

## COUNT 1
### (False Statement to a Financial Institution)

7. The Federal Grand Jury incorporates paragraphs 1-6 by reference.

8. On or about May 6, 2020, **FOSTER** submitted a PPP Borrower Application Form (SBA Form 2483) to Stride Bank requesting a $20,833 PPP loan as a sole proprietor. **FOSTER**'s PPP application contained the following representations and certifications:

   a. Question 5 asked: "Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole?" **FOSTER** responded "No."

   b. Question 6 asked: "Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment)?" **FOSTER** responded "Yes."

   c. **FOSTER** certified that "the information provided in this application and the information provided in supporting documents and forms is true and accurate in all material respects."

   d. **FOSTER** certified that "[a]ll SBA proceeds will be used only for business-related purposes, as specified in the loan application, and consistent with the Paycheck Protection Program Rule."

9. On or about May 7, 2020, a loan officer for Stride Bank contacted **FOSTER** regarding his affirmative response to Question 6, asking: "Can you shine some light on number 6. You marked yes and that will raise some flags in the underwriting so I want to be prepared." The loan officer further advised **FOSTER** that he failed to initial Question 5, and "I will need an initial." **FOSTER** responded: "Tax issue, misdemeanor didn't file in 2012."

10. On or about May 8, 2020, Stride Bank, based upon the certifications and documents provided by **FOSTER**, approved **FOSTER**'s PPP loan application in the amount of $20,833.

11. On or about May 8, 2020, Stride Bank deposited the loan proceeds in the amount of $20,833 in **FOSTER**'s personal checking account at Bank of America.

12. Between on or about May 6, 2020, and on or about May 8, 2020, in the Western District of Oklahoma,

-------------------------------------- **BRIAN LEE FOSTER** ----------------------------------

knowingly made false statements to Stride Bank, a financial institution, the deposits of which were insured by the FDIC, for the purpose of influencing Stride Bank to approve a PPP loan in the amount of $20,833. Specifically, **FOSTER** falsely answered "No" to Question 5 of the PPP loan application. In fact, as **FOSTER** well knew, he was presently charged with felony DUI in Case Number CF-2014-6799 in the District Court of Oklahoma County, which made him ineligible for a PPP loan under the rules and regulations in effect at the time of the application.

All in violation of Title 18, United States Code, Section 1014.

## COUNT 2
### (False Statement to a Financial Institution)

13. The Federal Grand Jury incorporates paragraphs 1 and 3-5 by reference.

14. On or about May 14, 2020, **FOSTER** submitted a PPP Borrower Application Form (SBA Form 2483) to Stride Bank under the name T.S. The application requested a $20,833 PPP loan and represented that T.S. had average monthly payroll of $8,333.33. The application contained certifications that "the information provided in this application and the information provided in supporting documents and forms is true and accurate in all material respects" and that "[a]ll SBA proceeds will be used only for business-related purposes, as specified in the loan application, and consistent with the Paycheck Protection Program Rule."

15. In support of the application, **FOSTER** submitted a PPP Worksheet and Customer Identification Program Form representing that T.S. was self-employed with Rodan and Fields and had net income of $100,000 per year. **FOSTER** also submitted a false 2019 Form 1040 showing T.S. had net profit of $100,000. In fact, as **FOSTER** well knew, T.S. was self-employed for Rodan and Fields and made less than $1,000 in 2019.

16. On or about May 18, 2020, Stride Bank, based upon the false certifications and documents provided by **FOSTER**, approved a PPP loan for borrower T.S. in the amount of $20,833. **FOSTER** directed Stride Bank to deposit the loan proceeds in his personal checking account (account number ********0552) at Bank of America.

17.     On or about May 18, 2020, Stride Bank deposited the loan proceeds in the amount of $20,833 in **FOSTER**'s personal checking account at Bank of America. **FOSTER** used the proceeds of the loan for his own personal benefit.

18.     Between on or about May 14, 2020, and on or about May 18, 2020, in the Western District of Oklahoma,

-------------------------------------- **BRIAN LEE FOSTER** ---------------------------------

knowingly made false statements to Stride Bank, a financial institution, the deposits of which were insured by the FDIC, for the purpose of influencing Stride Bank to approve a PPP loan in the amount of $20,833. Specifically, **FOSTER** submitted an SBA Borrower Application Form using the name T.S. that falsely represented that T.S. had an average monthly payroll of $8,333.33. **FOSTER** also submitted a false and fraudulent PPP Worksheet that falsely represented that T.S. had net income of $100,000 per year. **FOSTER** also provided Stride Bank with a false and fraudulent 2019 Form 1040, which represented that T.S. had net profit of $100,000 in 2019.

All in violation of Title 18, United States Code, Section 1014.

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

ROBERT J. TROESTER
United States Attorney

JESSICA L. PERRY
Assistant United States Attorney